3

Carl W. Collins (State Bar No. 109282)
Attorney at Law
1127-12th Street, Suite 202
P.O. Box 3291
Modesto, California  95353
(209) 521-8100
(209) 524-8461 facsimile
E-mail: carl@cwcollinslaw.com


Attorney for Trustee
Eric J. Nims

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| In re: | Case No. 10-53821 |
| Kevin Lee Moser and Amanda Mary Moser, | DC No. CWC-2 |
| | Chapter 7 Case |
| 4480 Cove Court Tracy, CA 95377 | |
| S.S.    xxx-xx-1900        xxx-xx-4519 | |
| Debtors. | Date: July 11, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 28 |

**MOTION FOR AUTHORITY TO SELL NON-EXEMPT**

**EQUITY IN PERSONAL PROPERTY TO DEBTORS**

To:  The Honorable Michael S. McManus, U.S. Bankruptcy Judge:

The Chapter 7 Trustee, Eric J. Nims, pursuant to 11 U.S.C. § 363(b) and Federal Rule of Bankruptcy Procedure 6004, respectfully moves the Court to sell to the Debtors' the non-exempt equity in certain personal property in exchange for a payment of $5,000.00, and respectfully represents:

1

1. This Court has jurisdiction of this matter under 28 U.S.C. §§ 1334 and 157(a).

2. The Debtors filed a voluntary Chapter 7 petition on December 29, 2010. Eric J. Nims has been appointed Trustee in the case.

3. Among the assets of the Chapter 7 bankruptcy estate is the Debtors' interest in the following personal property (the "Property"), to which the Debtors assigned the following values:

   a. US Bank Business Checking Account #7449 .......$16,738.17
   b. Accounts receivable KL-Moser-A ................$9,610.24
                                    Total           $26,348.41

4. The Debtors contend that the above-referenced Property is unencumbered. The Debtors bankruptcy Schedule C claims the Bank Account exempt in the amount of $9,951.48 and the Accounts Receivable exempt in the amount of $9,044.70 under California Code of Civil Procedure § 703.140(b)(5).

5. The Trustee has determined that an additional Account Receivable from JASS & Associates in the amount of $500.00 was earned by the Debtors pre petition and not disclosed in the Debtors bankruptcy schedules.

6. The total non exempt equity in the Property and the undisclosed account is $7,852.23.

7. The Debtors wish to retain the above-described Property and undisclosed account and desire to purchase the non-exempt equity in such Property from the bankruptcy estate.

8. Accordingly, the Trustee and the Debtors have entered into an Equity Sale Agreement (the "Agreement") which provides that the Debtors shall pay the bankruptcy estate the total cash

sum of $5,000.00 (the "Purchase Amount") for the non-exempt equity in the Property. A copy of the Equity Sale Agreement is attached to the List of Exhibits filed concurrently herewith. The Agreement further provides that the Purchase Amount shall be non-exempt property of the Debtors' bankruptcy estate. Upon payment of the Purchase Amount, the Debtors shall be entitled to retain the Property and the Property shall cease being property of the bankruptcy estate.

9. Trustee believes that the sale of the non-exempt equity in the Property to the Debtors is in the best interests of the estate and should be approved by the Court. The proposed equity sale is an equitable and expeditious manner of liquidating the Property by which the bankruptcy estate will eliminate the risks, costs and delays of liquidating such assets.

WHEREFORE, Trustee respectfully requests that the Court approve the Agreement, and authorize the Trustee to enter into the proposed sale of the non-exempt equity in the Property to the Debtors.

Dated: 5-24-4

Law Office of Carl W. Collins

Carl W. Collins
Attorney for Trustee